**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JULIANNE LOUIE, Individually and on Behalf of All Others Similarly Situated, | Civil Action No. 1:26-cv-01013-RA-SDA |
| Plaintiff, | CLASS ACTION |
| | DEMAND FOR JURY TRIAL |
| v. | |
| POMDOCTOR, LTD., ZHENYANG SHI, LI XU, COGENCY GLOBAL, INC., JOSEPH STONE CAPITAL, LLC, and MARCUM ASIA CPAS, LLP, | |
| Defendants. | |

**[PROPOSED] ORDER GRANTING MOTION BY BRANDI MCKINNEY FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL**

Having considered the papers filed in support of the motion of Brandi McKinney ("Movant") for appointment of Movant as Lead Plaintiff and approval of Movant's selection of Co-Lead Counsel, pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. §78u-4(a)(3)(B), and for good cause shown, the Court hereby enters the following Order:

## APPOINTMENT AS LEAD PLAINTIFF AND CO-LEAD COUNSEL

1.      Having considered the provisions of the PSLRA, codified at §21D of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(3)(B), the Court hereby determines that Movant is the most adequate Plaintiff and satisfies the requirements of the PSLRA.  The Court hereby appoints Movant as Lead Plaintiff to represent the interests of the Class.

2.      Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), Movant has selected and retained the law firms of Scott+Scott Attorneys at Law LLP and Morris Kandinov LLP to serve as Co-Lead Counsel.  The Court approves Movant's selection of Co-Lead Counsel for the Action.

3.      Co-Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel who Co-Lead Counsel shall designate:

(a)      to coordinate the briefing and argument of any and all motions;

(b)      to coordinate the conduct of any and all discovery proceedings;

(c)      to coordinate the examination of any and all witnesses in depositions;

(d)      to coordinate the selection of counsel to act as spokesperson(s) at all pretrial conferences;

(e)      to call meetings of the Plaintiff's counsel as they deem necessary and appropriate from time to time;

(f)      to coordinate all settlement negotiations with counsel for Defendants;

1

(g)      to coordinate and direct pretrial discovery proceedings, preparation for trial, and trial of this matter and delegate work responsibilities to selected counsel as may be required;

(h)      to coordinate the preparation and filings of all pleadings; and

(i)      to supervise all other matters concerning the prosecution or resolution of the claims asserted in the Action.

4.      No motion, discovery request, or other pretrial proceedings shall be initiated or filed by any Plaintiff without the approval of Co-Lead Counsel, so as to prevent duplicative pleadings or discovery by Plaintiffs.  No settlement negotiations shall be conducted without the approval of Co-Lead Counsel.

5.      Service upon any Plaintiff of all pleadings, motions, or other papers in the Action, except those specifically addressed to a Plaintiff other than Lead Plaintiff, shall be completed upon service of Co-Lead Counsel.

6.      Co-Lead Counsel shall be the contact between Plaintiffs and Plaintiffs' counsel and Defendants' counsel, as well as the spokespersons for all Plaintiffs' counsel, and shall direct and coordinate the activities of Plaintiffs' counsel.  Co-Lead Counsel shall be the contact between the Court and Plaintiffs and their counsel.

### **NEWLY FILED OR TRANSFERRED ACTIONS**

7.      When a case that arises out of the subject matter of this Action is hereinafter filed in this Court or transferred to this Court from another court, the clerk of this Court shall:

(a)      file a copy of this Order in the separate file for such action;

(b)     mail a copy of this Order to the attorneys for the Plaintiff(s) in the newly filed or transferred case and to any new defendant(s) in the newly filed or transferred case; and

(c)     make the appropriate entry in the docket for this Action.

8.     Each new case arising out of the subject matter of this Action that is filed in this Court or transferred to this Court shall be consolidated with the Action and this Order shall apply thereto, unless a party objecting to this Order or any provision of this Order shall, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party, file an application for relief from this Order or any provision herein and this Court deems it appropriate to grant such application.

9.     During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody, or control, including computer-generated and stored information and materials such as computerized data and electronic mail, containing information that is relevant to or may lead to the discovery of information relevant to the subject matter of the pending litigation.

**IT IS SO ORDERED.**

Dated: _____          _____
                                     HON. RONNIE ABRAMS
                                     U.S. DISTRICT COURT JUDGE

3