**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JULIANNE LOUIE, Individually and on Behalf of All Others Similarly Situated, | Civil Action No. 1:26-cv-01013-RA-SDA |
| Plaintiff, | CLASS ACTION |
| v. | DEMAND FOR JURY TRIAL |
| POMDOCTOR, LTD., ZHENYANG SHI, LI XU, COGENCY GLOBAL, INC., JOSEPH STONE CAPITAL, LLC, and MARCUM ASIA CPAS, LLP, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION BY BRANDI MCKINNEY FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL**

**TABLE OF CONTENTS**

I.  PRELIMINARY STATEMENT ................................................................................... 1

II.  FACTUAL BACKGROUND.................................................................................... 2

III. ARGUMENT............................................................................................................ 4

      A.      McKinney Should Be Appointed Lead Plaintiff.......................................................4

      B.      McKinney Filed a Timely Motion ...........................................................................5

      C.      McKinney Has the Largest Financial Interest ..........................................................5

      D.      McKinney Satisfies Rule 23 .....................................................................................6

      E.      McKinney's Selection of Co-Lead Counsel Should Be Approved ........................7

CONCLUSION.................................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Constance Sczesny Tr. v. KPMG LLP*,
   223 F.R.D. 319 (S.D.N.Y. 2004) ....................................................................................................7

*Kaplan v. Gelfond*,
   240 F.R.D. 88 (S.D.N.Y. 2007) ....................................................................................................5

*Peters v. Jinkosolar Holding Co., Ltd.*,
   2012 WL 946875 (S.D.N.Y. Mar. 19, 2012) ................................................................................5

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*,
   229 F.R.D. 395 (S.D.N.Y. 2004) .............................................................................................1, 7

*Taft v. Ackermans*,
   2003 WL 402789 (S.D.N.Y. Feb. 20, 2003) ................................................................................7

*Topping v. Deloitte Touche Tohmatsu CPA, Ltd.*,
   95 F. Supp. 3d 607 (S.D.N.Y. 2015) ............................................................................................7

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
   589 F. Supp. 2d 388 (S.D.N.Y. 2008) ......................................................................................5, 7

**Statutes, Rules & Regulations**

United States Statutes
   15 U.S.C. §78j(b) .........................................................................................................................1
   15 U.S.C. §78t(a) .........................................................................................................................1
   15 U.S.C. §78u-4(a)(3)(A)(i) ...................................................................................................4, 5
   15 U.S.C. §78u-4(a)(3)(B) .......................................................................................................1, 4
   15 U.S.C. §78u-4(a)(3)(B)(i) ...................................................................................................1, 4
   15 U.S.C. §78u-4(a)(3)(B)(iii) .....................................................................................................6
   15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(aa)-(cc) ...................................................................................2
   15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb) ..........................................................................................6
   15 U.S.C. §78u-4(a)(3)(B)(v) .......................................................................................................7

Code of Federal Regulations
   17 C.F.R. §240.10b-5 ...................................................................................................................1

Lead Plaintiff movant Brandi McKinney ("McKinney" or "Movant"), on behalf of herself and all others similarly situated (the "Class"), respectfully submits this Memorandum of Law in support of her Motion to: (1) appoint McKinney as Lead Plaintiff of the above-captioned securities class action; and (2) approve McKinney's selection of Scott+Scott Attorneys at Law LLP ("Scott+Scott") and Morris Kandinov LLP ("Morris Kandinov") as Co-Lead Counsel for the putative Class.[1]

## I.    PRELIMINARY STATEMENT

Presently pending before the Court is a securities class action brought on behalf of persons and entities that purchased or otherwise acquired shares of PomDoctor Limited ("PomDoctor" or the "Company" or "POM") securities between October 9, 2025, and December 11, 2025, inclusive (the "Class Period") (the "Action").  The Action alleges violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. §240.10b-5.

The Private Securities Litigation Reform Act of 1995, as amended, 15 U.S.C. §78u-4(a)(3)(B) ("PSLRA"), provides that a court must appoint as lead plaintiff the "'most adequate plaintiff.'"  15 U.S.C. §78u-4(a)(3)(B)(i); *see, e.g.*, *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 403 (S.D.N.Y. 2004).[2]  McKinney is the most adequate Plaintiff because she timely moved to be Lead Plaintiff, has the largest financial interest in the litigation ($24,305 in losses), and satisfies the representative requirements set forth in Rule

---

[1]    Defined terms have the same definitions as in the complaint filed in this Action on February 5, 2026 (the "Complaint").  ECF No. 1.  Unless otherwise noted, all "¶" citations refer to the Complaint.

[2]    Unless otherwise indicated, citations are omitted and emphasis is added.

23 of the Federal Rules of Civil Procedure ("Rule 23").  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(aa)-(cc).

For the reasons summarized herein and discussed more fully below, McKinney respectfully requests the Court enter an order appointing her Lead Plaintiff for the Class, as well as approving her selection of Scott+Scott and Morris Kandinov as Co-Lead Counsel for the Class.

## II.    FACTUAL BACKGROUND

Plaintiff Julianne Louie filed this securities class action on February 5, 2026, against PomDoctor, certain of its officers, its auditor (Marcum Asia CPAs, LLP), its underwriter (Joseph Stone Capital, LLC), and the Company's agent (Cogency Global, Inc.) (collectively, the "Defendants").  ECF No. 1.  PomDoctor is a Cayman Islands holding company with its principal executive offices located in Guangzhou, China and claims to be "a leading online medical services platform for chronic diseases in China."  ¶¶2, 12.  Specifically, the Company states that Frost & Sullivan "ranked [them] sixth in China's internet hospital market" having achieved this by "develop[ing] a comprehensive platform that connects users with various healthcare providers, delivers cost-effective and customized healthcare solutions, and have cultivated a vibrant ecosystem around it."  ¶2.

The Company is listed on Nasdaq, completing its initial public offering ("IPO") on October 9, 2025.  ¶¶12, 22.  The IPO generated approximately $20.0M in gross proceeds by selling 5,000,004 American depository shares ("ADS") representing 833,334 Class A ordinary shares of their common stock at an initial offering price of $4.00 per ADS.  ¶22.

This case arises from the crash of PomDoctor's stock in early December 2025, following a dramatic yet illusory run-up orchestrated by a fraudulent stock promotion scheme over social

media.  In the weeks leading up to the crash, PomDoctor's share price surged from the IPO price of $4.00 to an all-time high of $6.09, despite no justifying news from the Company.  ¶4.

During aftermarket trading hours, on December 9, 2025, PomDoctor's share price abruptly crashed approximately 91%, to $0.50, causing massive harm to victims.  Since then, the price of POM has continued to decline below $0.40 per share.  ¶5.  Investigations and public reports have since revealed that PomDoctor's stock was used as a primary vehicle for an illicit "pump-and-dump" promotion scheme utilizing social media.  There, impersonators, using stolen identities of legitimate financial advisors, touted PomDoctor in online forums, chat groups, and advertisements with sensational baseless claims to create a buying frenzy among retail investors.  The structure of PomDoctor's public listing and low float were purposefully and/or recklessly engineered to make the scam possible.  ¶34.

Throughout the Class Period, Defendants made materially false and/or misleading statements and failed to disclose material adverse facts about the Company's business, operations, and the true nature of its securities trading activity.  ¶6.  Specifically, Defendants failed to disclose to investors: (i) that PomDoctor was the subject of a fraudulent stock promotion scheme involving social media-based misinformation and impersonated financial professionals; (ii) that insiders and/or affiliates used offshore or nominee accounts to facilitate the coordinated dumping of shares during a price inflation campaign; (iii) that PomDoctor's public statements and risk disclosures omitted any mention of the false rumors and artificial trading activity driving the stock price; and (iv) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. *Id*.

3

### III.    ARGUMENT

#### A.    McKinney Should Be Appointed Lead Plaintiff

McKinney should be appointed Lead Plaintiff because she has timely filed a motion for appointment as Lead Plaintiff, has the largest financial interest in this litigation, and otherwise satisfies the requirements of Rule 23.

The PSLRA requires the plaintiff who files an action governed by its provisions to publish a notice (the "Notice") to the class within 20 days of filing the action, informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as lead plaintiff within 60 days after publication of the Notice.  *See* 15 U.S.C. §78u-4(a)(3)(A)(i). Additionally, the PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to the Notice and to do so by the later of: (1) 90 days after the date of publication; or (2) as soon as practicable after the Court decides any pending motion to consolidate. *See id*. §78u-4(a)(3)(B).

Pursuant to the PSLRA, the Court "shall appoint" the "most adequate plaintiff" to serve as lead plaintiff.  *Id.* §78u-4(a)(3)(B)(i).  The PSLRA provides a "[r]ebuttable presumption" that the "most adequate plaintiff" is the person or group that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id*. §78u-4(a)(3)(B)(iii)(I).

As set forth below, because McKinney satisfies all three of these criteria, and is the most adequate representative of the Class, she should be appointed Lead Plaintiff.

### B.    McKinney Filed a Timely Motion

On February 10, 2026—within the 20-day Early Notice window after this Action was filed—notice of pendency of the Action was published on *Business Wire*, a national newswire service. *See* Declaration of John T. Jasnoch ("Jasnoch Decl.") filed in support hereof, Ex. A. The requirements of §78u-4(a)(3)(A)(i) have, therefore, been met. The Early Notice states that those wishing to serve as Lead Plaintiff have until "April 13, 2026" to move for appointment (i.e., within 60 days of publication of the Early Notice). *See id.*

McKinney has filed the instant motion pursuant to the Early Notice, and has attached a sworn PSLRA Certification attesting she is willing to serve as a representative for the Class. *See* Jasnoch Decl., Ex. C. Accordingly, McKinney satisfies the first requirement to serve as Lead Plaintiff for the Class.

### C.    McKinney Has the Largest Financial Interest

To her knowledge, McKinney is the Lead Plaintiff movant with the largest financial interest in the relief sought by the Class:

> Courts in this District generally look at the following factors to determine financial interest: (1) the total number of shares purchased during the class period; (2) the net shares purchased during the class period . . . ; (3) the net funds expended during the class period . . . ; and (4) the approximate losses suffered.

*Peters v. Jinkosolar Holding Co., Ltd.*, 2012 WL 946875, at *5 (S.D.N.Y. Mar. 19, 2012) (citing *Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007)). "It is well settled that '[f]inancial loss, the last factor, is the most important element of the test.'" *Id.* (citing *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 395 (S.D.N.Y. 2008)).

As evidenced by her PSLRA certification, McKinney purchased PomDoctor securities during the Class Period and suffered losses as a result of Defendants' misconduct. *See* Jasnoch

Decl., Exs. B-C.  Specifically, McKinney suffered losses of approximately $24,305.  *Id.*, Ex. B.  McKinney thus has a significant financial interest in this case.  Moreover, McKinney is unaware of any other movant that has sustained greater financial losses in connection with their PomDoctor transactions during the Class Period.  Therefore, McKinney has the "largest financial interest in the relief sought by the class."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).

### D.     McKinney Satisfies Rule 23

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(iii), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  *Id.* at §78u-4(a)(3)((B)(iii)(I)(cc).  Of the Rule 23 prerequisites, only two—typicality and adequacy—directly address the personal characteristics of the lead plaintiff movant.  Consequently, in deciding a motion to appoint lead plaintiff, the Court need only make findings as to the typicality and adequacy of the proposed lead plaintiff and, at this stage, those findings need only be "preliminary." *Tronox*, 262 F.R.D. at 344.  McKinney clearly makes this preliminary showing.

"Typicality requires that the claims of the class representatives be typical of those of the class, and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Id.* (citation omitted).  Here, the claims asserted by McKinney are typical of the claims of the other members of the putative Class because, like all other Class members, she: (a) purchased PomDoctor securities during the Class Period; (b) was adversely affected by Defendants' allegedly false and misleading statements and omissions; and (c) suffered damages as a result thereof.  Since McKinney's claims are based on the same legal theories and arise from the same event, practice, or course of conduct that gives rise to the claims of other Class members, typicality is satisfied.

*See Varghese*, 589 F. Supp. 2d at 397; *Taft v. Ackermans*, 2003 WL 402789, at *3 (S.D.N.Y. Feb. 20, 2003).

A plaintiff is an adequate class representative when they possess common interests and an absence of conflict with fellow class members and the plaintiff's attorneys are qualified, experienced, and vigorously able to conduct the litigation. *See Tronox*, 262 F.R.D. at 343. McKinney is adequate to serve as Class representative in that she, like all other members of the Class, suffered losses as a result of purchasing PomDoctor securities at prices that were artificially inflated due to Defendants' alleged misstatements. McKinney will, therefore, benefit from the same relief as other Class members.

Finally, McKinney has demonstrated that she is an adequate representative by retaining competent and experienced counsel. *See LaBranche*, 229 F.R.D. at 413 (considering qualifications of proposed lead counsel in evaluating adequacy); *Constance Sczesny Tr. v. KPMG LLP*, 223 F.R.D. 319, 324 (S.D.N.Y. 2004) (same). As shown below, Scott+Scott and Morris Kandinov are highly qualified, experienced, and able to conduct this complex litigation in a professional manner. Accordingly, McKinney has made a *prima facie* showing that she satisfies all the requirements of Rule 23 for the purposes of this motion.

### E.    McKinney's Selection of Co-Lead Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). In making this determination, a court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class[.]" *Id.* at (B)(iii)(II)(aa). "There is a strong presumption in favor of approving a properly-selected lead plaintiff's decision as to counsel." *Topping v. Deloitte Touche Tohmatsu CPA, Ltd.*, 95 F. Supp. 3d 607, 623 (S.D.N.Y. 2015).

McKinney has selected the law firms of Scott+Scott and Morris Kandinov to represent the Class. Scott+Scott has substantial experience in the prosecution of securities fraud class actions and possesses the necessary resources to efficiently conduct this litigation. See Jasnoch Decl., Ex. D. Specifically, Scott+Scott has served as lead or co-lead counsel in many high-profile class actions and recovered hundreds of millions of dollars for victims of corporate fraud.[3] Also, Scott+Scott currently serves as lead or co-lead counsel in numerous securities class actions pending in several U.S. District Courts.[4] Likewise, Morris Kandinov will contribute significant experience and expertise to representation of the Class. *See* Jasnoch Decl., Ex. E. Morris Kandinov has a track record of successful service as class counsel in securities and investment-related litigation, placing it in the Top 25 of ISS CSAS's ranking of the Top Plaintiff Law Firms

---

[3]    Recoveries obtained by Scott+Scott, acting as lead or co-lead counsel, include: *Okla. Firefighters Pension & Ret. Sys. v. Newell Brands Inc.,* HUD-L-003492-1 (Hudson Cnty. N.J. Super. Ct. NJ) ($102.5 million); *Weston v. RCS Cap. Corp.*, No. 1:14-cv-10136 (S.D.N.Y.) ($31 million); *Policemen's Annuity & Benefit Fund of the City of Chi. v. Bank of Am.*, *N.A.*, No. 1:12-cv-02865 (S.D.N.Y.) ($69 million); *Irvine v. ImClone Sys., Inc.*, No. 1:02-cv-00109 (S.D.N.Y.) ($75 million); *In re Micro Focus Int'l plc Sec. Litig.*, Lead Case No. 18-cv-01549 (Cal. Super. Ct. San Mateo Cnty.) ($107.5 million); *In re SanDisk LLC Sec. Litig.*, No. 3:15-cv-01455 (N.D. Cal.) ($50 million); *In re Priceline.com Inc. Sec. Litig.*, No. 3:00-cv-01844 (D. Conn.) ($80 million); *Thurber v. Mattel, Inc.*, No. 2:99-cv-10368 (C.D. Cal.) ($122 million); *In re Emulex Corp. Sec. Litig.*, No. 8:01-cv-00219 (C.D. Cal.) ($39 million); *In re Sprint Sec. Litig.*, No. 00-230077 (Mo. Cir. Ct., Jackson Cnty.) ($50 million); *In re Nw. Corp. Sec. Litig.*, No. 4:03-cv-04049 (D.S.D.) ($61 million); *Schnall v. Annuity & Life Re (Holdings) Ltd.*, No. 3:02-cv-02133 (D. Conn.) ($27 million); *In re Wash. Mut. Mortg. Backed Sec. Litig.*, No. 2:09-cv-00037 (W.D. Wash.) ($26 million); *In re Conn's, Inc. Sec. Litig.*, No. 4:14-cv-00548 (S.D. Tex.) ($22.5 million); *Abadilla v. Precigen, Inc.*, No. 5:20-cv-06936 (N.D. Cal.) ($13 million).

[4]    *See, e.g.*, Current Lead Counsel Appointments: *Severt v. UiPath, Inc.*, No. 1:23-cv-07908 (S.D.N.Y.); *City of Omaha Police & Firefighters Ret. Sys. v. Cognyte Software Ltd.*, No. 1:23-cv-01769 (S.D.N.Y.); *Tcherkezian v. Ibotta, Inc.*, No. 1:25-cv-01213 (D. Col.); *Jewik v. TransMedics Group, Inc.*, No. 1:25-cv-10385 (D. Mass.); *Giraudon v. Innovative Industrial Properties, Inc.*, No. 1:25-cv-00182 (D. Md.); *White v. Brooge Energy Limited*, No. 2:24-cv-00959 (C.D. Cal.); *Rondini v. Kyverna Therapeutics, Inc.*, No. 3:24-cv-08869 (N.D. Cal.); *City of Southfield Fire & Police Retirement System v. Hayward Holdings, Inc.*, 2:23-cv-04146 (D.N.J.); *City of Birmingham Relief & Ret. Sys. v. Acadia Pharms. Inc.*, No. 3:21-cv-00762 (S.D. Cal.); *Golubowski v. Robinhood Mkts., Inc.*, No. 3:21-cv-09767 (N.D. Cal.).

of 2024,[5] and the firm currently serves as class counsel in other federal actions, including actions involving pump-and-dump scams similar to the one at issue here.[6]

In light of the foregoing, the Court should approve McKinney's selection of Scott+Scott and Morris Kandinov as Co-Lead Counsel. The Court can be assured that by approving McKinney's choice of Co-Lead Counsel, the putative Class will receive the highest caliber of representation. *See* Jasnoch Decl., Exs. D-E.

**CONCLUSION**

For all the foregoing reasons, McKinney respectfully requests that the Court: (1) appoint McKinney as Lead Plaintiff on behalf of the Class; and (2) approve her selection of Scott+Scott and Morris Kandinov, as Co-Lead Counsel for the class.

DATED: April 13, 2026          **SCOTT+SCOTT ATTORNEYS AT LAW LLP**

*/s/ John T. Jasnoch*
John T. Jasnoch (*pro hac vice*)
Mollie Chadwick (*pro hac vice*)
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 233-4565
Facsimile: (619) 233-0508
jjasnoch@scott-scott.com
mchadwick@scott-scott.com

---

[5]      Recoveries by Morris Kandinov as lead or co-lead class counsel include: *J.B. and Margaret Blaugrund Foundation v. Guggenheim Funds Investment Advisors LLC*, No. 2021-1094 (Del. Ch.) ($18.8 million); *Funicular Funds, LP v. Concord Acquisition Corp.*, No. 2022-1173 (Del. Ch.) ($13.1 million); *Funicular Funds, LP v. Pioneer Merger Corp.*, No. 22-10986-JSR (S.D.N.Y.) ($13 million); *In re FAST Acquisition Cor. Stockholders Litig.*, No. 2022-0702 (Del. Ch.) ($12.5 million); and *ATG Fund II LLC v. VPC Impact Acquisition Holdings Sponsor II, LLC*, No. 23-1978-JSR (S.D.N.Y.) ($7 million). *See also* ISS SCAS, *Top Plaintiff Law Firms of 2024* (2025), https://moka.law/wp-content/uploads/ISS-Top-Securities-Firms-2024.pdf [https://perma.cc/3ZGM-DDUS].

[6]      *See, e.g.*, *Dixit v. Smart Digital Group Limited*, No. 1:26-cv-296-NRB (S.D.N.Y.) (co-lead counsel); *Miley v. Hatteras Funds, LP*, No. 25-cv-672 (D. Del.); *Bouck v. Meta Platforms, Inc.*, No. 3:25-cv-5194 (N.D. Cal.); *Daigneau v. Meta Platforms, Inc.*, 3:25-cv-10180 (N.D. Cal.); *Irving v. Meta Platforms, Inc.*, No. 3:26-cv-1127 (N.D. Cal.).

9

Sean T. Masson
The Helmsley Building
230 Park Avenue, 24th Floor
New York, NY 10169
Telephone: (212) 223-6444
Facsimile: (212) 223-6334
smasson@scott-scott.com

**MORRIS KANDINOV LLP**
Aaron T. Morris
Andrew W. Robertson
305 Broadway, 7th Floor
New York, NY 10007
Tel. (212) 431-7473
aaron@moka.law
andrew@moka.law

*Co-Counsel for Lead Plaintiff Movant Brandi McKinney and Proposed Co-Lead Counsel for the Class*

**GRADYLAW**
Tom Grady (*pro hac vice* forthcoming)
720 Fifth Avenue South, Suite 200
Naples, Florida 34102
tgrady@gradylaw.com

*Additional Counsel for Lead Plaintiff Movant*

10

## CERTIFICATE OF COMPLIANCE
(Local Rule 7.1(c))

The undersigned counsel certifies that this Memorandum of Law complies with the length limits permitted by Local Rule 7.1(c).  The brief is 2737 words and 9 pages, excluding the portions exempted by Local Rule 7.1(c), if applicable, and uses a proportionally spaced Times New Roman typeface, 12-point in compliance with Local Rule 7.1(b)(1).

*/s/ John T. Jasnoch*
John T. Jasnoch

*Co-Counsel for Lead Plaintiff Movant Brandi McKinney and Proposed Co-Lead Counsel for the Class*

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 13, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

*/s/ John T. Jasnoch*
John T. Jasnoch

12