**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq.
Laurence M. Rosen, Esq.
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: philkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JULIANNE LOUIE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>POMDOCTOR, LTD., ZHENYANG SHI, LI XU, COGENCY GLOBAL, INC., JOSEPH STONE CAPITAL, LLC, and MARCUM ASIA CPAS, LLP,<br><br>Defendants. | **CASE No. 1:26-cv-01013-RA-SDA**<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF LAWRENCE ALKANO TO: (1) APPOINT LEAD PLAINTIFF; AND (2) APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL**<br><br>**<u>CLASS ACTION</u>** |

1

**TABLE OF CONTENTS**

INTRODUCTION AND BACKGROUND ................................................................................ 4

ARGUMENT ............................................................................................................................ 6

   I.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF ............................................ 6

      A.    Movant Is Willing to Serve as Class Representative ........................................................ 6

      B.    Movant Has the Largest Financial Interest in the Action ................................................ 7

      C.    Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure 7

      D.    Movant Is Presumptively the Most Adequate Plaintiff .................................................... 9

  II.   MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED ......................... 10

CONCLUSION ....................................................................................................................... 10

## TABLE OF AUTHORITIES

**CASES**

*In re Oxford Health Plans, Inc. Sec. Litig.,*
  182 F.R.D. 42 (S.D.N.Y. 1998) .......................................................................................... 7
*In re Bally Total Fitness, Sec. Litig.,*
  2005 WL 627960 (N.D. Ill. Mar. 15, 2005) ...................................................................... 7
*In re Cendant Corp. Litigation,*
  264 F.3d. 201 (3d Cir. 2001) .............................................................................................. 8
*In re Fuwei Films Sec. Litig.,*
  247 F.R.D. 432 (S.D.N.Y. 2008) ....................................................................................... 7
*In re Livent, Inc. Noteholders Sec. Litig.,*
  210 F.R.D. 512 (S.D.N.Y. 2002) ....................................................................................... 8
*In re Olsten Corp. Sec. Litig.,*
  3 F.Supp.2d 286 (E.D.N.Y. 1998) ..................................................................................... 6
*Lax v. Merch. Acceptance Corp.,*
  1997 WL 461036 (N.D. Ill. Aug. 11, 1997) ...................................................................... 6
*Takara Trust v. Molex,*
  229 F.R.D. 577 (N.D. Ill. 2005) ......................................................................................... 6

**STATUTES**

15 U.S.C. § 78u-4 .......................................................................................................... passim

**RULES**

Fed. R. Civ. P. 23 ............................................................................................................. 7, 8

Lawrence Alkano ("Movant") respectfully submits this memorandum of law in support of his motion for an Order, pursuant to the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)    appointing Movant as Lead Plaintiff for the class of all purchasers or acquirers of the securities of PomDoctor, Ltd. ("PomDoctor" or the "Company") between October 9, 2025 and December 11, 2025, both dates inclusive (the "Class Period"); and

(b)    approving Movant's selection of The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel for the Class.

## INTRODUCTION AND BACKGROUND

On February 5, 2026, this action was commenced against Defendants PomDoctor, Zhenyang Shi, Li Xu, Cogency Global, Inc., Joseph Stone Capital, LLC, and Marcum Asia CPAs, LLP (collectively, "Defendants"). On February 10, 2026,[1] an early notice was issued pursuant to the PSLRA advising class members of, among other things, the allegations and claims in the complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff. *See* Ex. 1 hereto

PomDoctor claims to be "a leading online medical services platform for chronic diseases in China." Specifically, PomDoctor states that Frost & Sullivan "ranked [them] sixth in China's internet hospital market" having achieved this by "develop[ing] a comprehensive platform that connects users with various healthcare providers, delivers cost-effective and customized healthcare solutions, and have cultivated a vibrant ecosystem around it." The Company was founded in 2010 and is incorporated as an offshore holding company in the Cayman Islands. Its principal place of

---

[1] On February 6, 2026, a notice was issued with the incorrect lead plaintiff deadline of April 6, 2026. The early notice was issued pursuant to the PSLRA on February 10, 2026, correcting and replacing the incorrect date. *See* Ex. 1 hereto.

business is located at Yongxu Industrial Park No.19-23 Hejing Road, Dongsha Street Liwan District, Guangzhou 510000 in the People's Republic of China.

This case arises from the crash of PomDoctor's ADSs in December 2025, following a dramatic yet illusory run-up orchestrated by a fraudulent ADS promotion scheme. In the weeks leading up to December 10, 2025, PomDoctor's ADS price surged from the initial public offering price of $4.00 to an all-time high of $6.09, despite no fundamental news from the Company justifying such a spike.

According to the complaint, throughout the Class Period, Defendants made false and/or misleading statements and/or failed to disclose that: (1) PomDoctor was the subject of a fraudulent ADS promotion scheme involving social media-based misinformation and impersonated financial professionals; (2) insiders and/or affiliates used offshore or nominee accounts to facilitate the coordinated dumping of ADSs during a price inflation campaign; (3) PomDoctor's public statements and risk disclosures omitted any mention of the false rumors and artificial trading activity driving the ADS price; and (4) as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

On December 9, 2025, PomDoctor's ADS reached a closing price of $5.42, with an intraday high of $5.54. Then, during aftermarket trading hours on December 9, 2025, PomDoctor's ADS price abruptly crashed. On December 10, 2025, PomDoctor's share price fell by approximately 91%, to $0.50. Since then, the Company's share price has continued to decline.

Investigations and public reports have since revealed that PomDoctor utilized social media to orchestrate an illicit "pump-and-dump" promotion scheme to defraud investors. These reports detail how impersonators claiming to be legitimate financial advisors touted PomDoctor in online

forums, chat groups, and through social media posts with sensational but baseless claims to create a buying frenzy among retail investors.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## ARGUMENT

### I.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice …;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies all three of these criteria and thus is entitled to the presumption of being the "most adequate plaintiff" for the Class.

### A.    Movant Is Willing to Serve as Class Representative

Movant has filed herewith a PSLRA certification attesting that he is willing to serve as representative of the class and remains willing to provide testimony at deposition and trial, if

6

necessary. *See* Ex. 2 hereto. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B. Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff … is the person or group of persons that … has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax*/*Olsten*-styled[2] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness*, *Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movant lost approximately $260,883 in connection with purchases of PomDoctor securities. *See* Ex. 3 hereto. Movant is not aware of any other movant that has suffered greater losses in PomDoctor securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule

---

[2] *Lax v. Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant will satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

### 1.    Movant's Claims are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiffs' claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiffs' claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that Defendants violated the Exchange Act by issuing false and misleading and failing to disclose material information. Movant's interests are closely aligned with the other Class members' and Movant's interests are, therefore, typical of the other members of the Class.

### 2. Movant Is Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d. 201, 265 (3d Cir. 2001).

Here, Movant has communicated with competent, experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiff. Movant is not aware that any conflict exists between his claims and those asserted on behalf of the Class. Movant also sustained substantial financial losses from his investments in PomDoctor securities and is therefore extremely motivated to pursue claims in this action.

### D. Movant Is Presumptively the Most Adequate Plaintiff

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interests of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption that Movant is the most adequate Lead Plaintiff is not, therefore subject to rebuttal. Accordingly, Movant has suffered financial losses and has the largest financial interest in this case of any timely lead plaintiff.

The ability of Movant to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses Defendants could raise against him that would render Movant inadequate to represent the Class.

Further, movant is a retired project manager in the banking industry with over 40 years of investing experience. He lives in North Carolina.

## II.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law as Lead Counsel. The firm has been actively researching Movant's and the Class's claims, including reviewing publicly available financial and other documents while gathering information in support of the claims against Defendants. Furthermore, the firm has an extensive history bringing significant recoveries to investors and is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the country. *See* Ex. 4 hereto. The firm has prosecuted numerous securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

### <u>CONCLUSION</u>

For the foregoing reasons, Movant respectfully requests the Court issue an Order: (1) appointing Movant as Lead Plaintiff of the Class; (2) approving Movant's selection of Rosen Law as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: April 13, 2026

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**
<u>/s/ Phillip Kim</u>
Phillip Kim, Esq.
Laurence M. Rosen, Esq.
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: philkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

11

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned counsel certifies that this brief complies with the word count limit set forth in Local Civil Rule 7.1(c). According to the word count feature of the word-processing system used to prepare this brief, the document contains 2,200 words.

<u>/s/Phillip Kim</u>
Phillip Kim

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 13, 2026, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

<u>/s/Phillip Kim</u>
Phillip Kim