UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JULIANNE LOUIE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>POMDOCTOR, LTD., ZHENYANG SHI, LI XU, COGENCY GLOBAL, INC., JOSEPH STONE CAPITAL, LLC, and MARCUM ASIA CPAS, LLP,<br><br>Defendants. | Case No.  1:26-cv-01013-RA-SDA<br><br>CLASS ACTION |

MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE POMDOCTOR INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...................................................................................... 1

STATEMENT OF FACTS ............................................................................................. 2

ARGUMENT ................................................................................................................ 3

I.     THE POMDOCTOR INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF ........................................................................................................ 3

     A.     The PomDoctor Investor Group Is Willing to Serve as Class Representative ................................................................................... 4

     B.     The PomDoctor Investor Group Has the "Largest Financial Interest" ....... 5

     C.     The PomDoctor Investor Group Otherwise Satisfies the Requirements of Rule 23 ................................................................................. 6

     D.     The PomDoctor Investor Group Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses ............ 10

II.     LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ............................................................................................................. 10

CONCLUSION ............................................................................................................ 12

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aude v. Kobe Steel, Ltd.*,
   No. 17-CV-10085 (VSB), 2018 WL 1634872 (S.D.N.Y. Apr. 4, 2018) ...................................7

*Barnet v. Elan Corp., PLC*,
   236 F.R.D. 158 (S.D.N.Y. 2005) ...........................................................................................9

*Chahal v. Credit Suisse Grp. AG*,
   No. 18-CV-2268 (AT) (SN), 2018 WL 3093965 (S.D.N.Y. June 21, 2018)............................5

*Dookeran v. Xunlei Ltd.*,
   No. 18-cv-467 (RJS), 2018 WL 1779348 (S.D.N.Y. Apr. 12, 2018) .......................................8

*Foley v. Transocean Ltd.*,
   272 F.R.D. 126 (S.D.N.Y. 2011) ............................................................................................8

*In re Blue Apron Holdings, Inc. Sec. Litig.*,
   No. 17-CV-4846 (WFK) (PK), 2017 WL 6403513 (E.D.N.Y. Dec. 15, 2017).........................9

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001)................................................................................................5, 9

*In re Comverse Tech., Inc. Sec. Litig.*,
   No. 06-CV-1825 (NGG) (RER), 2007 WL 680779 (E.D.N.Y. Mar. 2, 2007) ...................5, 11

*In re Molson Coors Brewing Co. Sec. Litig.*,
   233 F.R.D. 147 (D. Del. 2005) .............................................................................................11

*In re Olsten Corp. Sec. Litig.*,
   3 F. Supp. 2d 286 (E.D.N.Y. 1998) ........................................................................................5

*In re Orion Sec. Litig.*,
   No. 08 Civ. 1328 (RJS), 2008 WL 2811358 (S.D.N.Y. July 8, 2008) .....................................7

*In re Oxford Health Plans, Inc. Sec. Litig.*,
   182 F.R.D. 42 (S.D.N.Y. 1998) ..............................................................................................7

*Janbay v. Canadian Solar, Inc.*,
   272 F.R.D. 112 (S.D.N.Y. 2010) ............................................................................................7

*Kaplan v. Gelfond*,
   240 F.R.D. 88 (S.D.N.Y. 2007) ..............................................................................................7

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
   311 F.R.D. 373 (S.D.N.Y. 2015) ...............................................................................10

*Khunt v. Alibaba Grp. Holding Ltd.*,
   102 F. Supp. 3d 523 (S.D.N.Y. 2015)..........................................................................6

*Lax v. First Merchants Acceptance Corp.*,
   No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997).......................................5

*Louisiana Mun. Police Employees' Ret. Sys. v. Green Mountain Coffee Roasters, Inc.*,
   No. 2:11-CV-289, 2012 WL 12985571 (D. Vt. Apr. 27, 2012) ...............................10

*Nurlybaev v. ZTO Express (Cayman) Inc.*,
   No. 17-CV-06130 (LTS) (SN), 2017 WL 5256769 (S.D.N.Y. Nov. 13, 2017) ....................5, 6

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*,
   229 F.R.D. 395 (S.D.N.Y. 2004) ...............................................................................5

*W. Palm Beach Police Pension Fund v. DFC Glob. Corp.*,
   No. CIV.A. 13-6731, 2014 WL 1395059 (E.D. Pa. Apr. 10, 2014) .........................9

*Weltz v. Lee*,
   199 F.R.D. 129 (S.D.N.Y. 2001) ...............................................................................9

**Statutes**

15 U.S.C. § 78u-4 .............................................................................................. *passim*

Private Securities Litigation Reform Act of 1995 ................................................ *passim*

Securities Exchange Act of 1934 ......................................................................1, 5, 7

**Rules**

Fed. R. Civ. P. 23................................................................................................ *passim*

Paolo Roberti, Feng Jingxin, Li Jinwei, and Li Zihao (together with Li Jinwei, the "Li Family" and, collectively with Paolo Roberti and Feng Jingxin, the "PomDoctor Investor Group") respectfully submit this memorandum of law in support of their motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order: (1) appointing the PomDoctor Investor Group as Lead Plaintiff on behalf of a class (the "Class") consisting of persons and entities that purchased or otherwise acquired PomDoctor, Ltd. ("PomDoctor" or the "Company") securities between October 9, 2025 and December 11, 2025, inclusive (the "Class Period"); and (2) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

## PRELIMINARY STATEMENT

The complaint ("Complaint") (Dkt. No. 1) in the above-captioned action (the "Action") alleges that the above-captioned defendants ("Defendants") defrauded investors in violation of the Exchange Act.    PomDoctor investors, including the PomDoctor Investor Group, incurred significant losses as a result of the Defendants' alleged fraud, damaging the PomDoctor Investor Group and other PomDoctor investors.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant or group of movants that possesses the largest financial interest in the outcome of the Action and that satisfies the relevant requirements of Federal Rule of Civil Procedure 23 ("Rule 23").    15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  During the Class Period, the PomDoctor Investor Group: (1) purchased 466,710 shares of PomDoctor common stock; (2) purchased 426,010 net shares of PomDoctor common stock; (3) expended $1,043,819 in net funds on PomDoctor common stock; and (4) as a result of the Defendants' alleged fraud, incurred losses of approximately $919,045.  *See* Declaration of J.

1

Alexander Hood II in Support of Motion ("Hood Decl."), Exhibit ("Ex.") A.  Accordingly, the PomDoctor Investor Group believes that it has the largest financial interest in the relief sought in this litigation.  Beyond its considerable financial interest, the PomDoctor Investor Group also meets the applicable requirements of Rule 23 because its claims are typical of those of absent Class members and it will fairly and adequately represent the interests of the Class.

To fulfill its obligations as Lead Plaintiff and vigorously prosecute this Action on behalf of the Class, the PomDoctor Investor Group has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the areas of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume.

Accordingly, the PomDoctor Investor Group respectfully requests that the Court enter an order appointing the PomDoctor Investor Group as Lead Plaintiff for the Class and approving its selection of Pomerantz as Lead Counsel for the Class.

## STATEMENT OF FACTS

As alleged in the Complaint in the Action, PomDoctor claims to be "a leading online medical services platform for chronic diseases in China."  Specifically, the Company states that Frost & Sullivan "ranked [them] sixth in China's internet hospital market" having achieved this by "develop[ing] a comprehensive platform that connects users with various healthcare providers, delivers cost-effective and customized healthcare solutions, and have cultivated a vibrant ecosystem around it."

The Company was founded in 2010 and is incorporated as an offshore holding company in the Cayman Islands.  Its principal place of business is located at Yongxu Industrial Park, No. 19-

23 Hejing Road, Dongsha Street, Liwan District, Guangzhou, 510000 in the Peoples Republic of China.

This case arises from the crash of PomDoctor's stock in December 2025, following a dramatic yet illusory run-up orchestrated by a fraudulent stock promotion scheme. In the weeks leading up to December 10, 2025, PomDoctor's share price surged from the initial public offering price of $4.00 to an all-time high of $6.09, despite no fundamental news from the Company justifying such a spike. Investigations and public reports have since revealed that PomDoctor utilized social media to orchestrate an illicit "pump-and-dump" promotion scheme to defraud investors. These reports detailed how impersonators claiming to be legitimate financial advisors touted PomDoctor in online forums, chat groups, and through social media posts with sensational but baseless claims to create a buying frenzy among retail investors.

This sharp rise proved short-lived. On December 10, 2025, PomDoctor's share price abruptly crashed by approximately 91%, to $0.50.

Defendants' wrongful conduct, as alleged in the Complaint, directly and proximately caused the economic loss suffered by the PomDoctor Investor Group and the Class.

## ARGUMENT

### I. THE POMDOCTOR INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

The PomDoctor Investor Group should be appointed Lead Plaintiff because it has timely filed a motion for appointment as Lead Plaintiff, has the largest financial interest in this litigation to its knowledge, and otherwise strongly satisfies the requirements of Rule 23.

The PSLRA requires the plaintiff who files an action governed by its provisions to publish a notice (the "Notice") to the class within 20 days of filing the action, informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as

lead plaintiff within 60 days after publication of the Notice. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). In addition, the PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to the Notice and to do so by the later of (1) 90 days after the date of publication, or (2) as soon as practicable after the Court decides any pending motion to consolidate. *See id.* § 78u-4(a)(3)(B)(i)–(ii).

Pursuant to the PSLRA, the Court "shall appoint" the "most adequate plaintiff" to serve as lead plaintiff. *Id.* § 78u-4(a)(3)(B)(i). The PSLRA provides a "[r]ebuttable presumption" that the "most adequate plaintiff" is the person or group that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 78u-4(a)(3)(B)(iii)(I).

As set forth below, the PomDoctor Investor Group satisfies all three of these criteria and thus is entitled to the presumption that it is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

**A.      The PomDoctor Investor Group Is Willing to Serve as Class Representative**

On February 10, 2026, counsel for the plaintiff in the Action caused the statutorily required Notice to be published via *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, announcing that a securities class action had been filed against PomDoctor and other defendants, and advising investors in PomDoctor securities that they had until April 13, 2026—*i.e.*, 60 days from the date of the Notice's publication—to file a motion to be appointed as Lead Plaintiff. *See* Dkt. No. 7-1.

4

The PomDoctor Investor Group has filed the instant motion pursuant to the Notice, and it has submitted sworn Certifications executed by its members attesting to their willingness to serve as representatives for the Class, and to provide testimony at deposition and trial, if necessary.  *See* Hood Decl., Ex. B.  Accordingly, the PomDoctor Investor Group satisfies the first requirement to serve as Lead Plaintiff of the Class.

**B.      The PomDoctor Investor Group Has the "Largest Financial Interest"**

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class[.]"  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).  To the best of its knowledge, the PomDoctor Investor Group has the largest financial interest of any PomDoctor investor or investor group seeking to serve as Lead Plaintiff.  For claims arising under Section 10(b) of the Exchange Act, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered.  No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997).  In accord with other courts nationwide,[1] these so-called *Lax* factors have been adopted and routinely applied by courts in this District.  *See, e.g.*, *Chahal v. Credit Suisse Grp. AG*, No. 18-CV-2268 (AT) (SN), 2018 WL 3093965, at *4 (S.D.N.Y. June 21, 2018); *Nurlybaev v. ZTO Express (Cayman) Inc.*, No. 17-CV-06130 (LTS) (SN), 2017 WL 5256769, at *1 (S.D.N.Y. Nov. 13, 2017); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 404 (S.D.N.Y. 2004).  Of the *Lax* factors, courts in this

---

[1] *See, e.g.*, *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 WL 680779, at *6-8 (E.D.N.Y. Mar. 2, 2007).

Circuit tend to emphasize approximate loss in assessing a lead plaintiff movant's financial interest within the meaning of the PSLRA. *See Nurlybaev*, 2017 WL 5256769, at *1; *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 530 (S.D.N.Y. 2015).

During the Class Period, the PomDoctor Investor Group: (1) purchased 466,710 shares of PomDoctor common stock; (2) purchased 426,010 net shares of PomDoctor common stock; (3) expended $1,043,819 in net funds on PomDoctor common stock; and (4) as a result of the Defendants' alleged fraud, incurred losses of approximately $919,045. *See* Hood Decl., Ex. A. As such, the PomDoctor Investor Group believes that it possesses the largest financial interest in the outcome of this litigation within the meaning of the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

## C.    The PomDoctor Investor Group Otherwise Satisfies the Requirements of Rule 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In determining whether a lead plaintiff movant satisfies Rule 23's requirements, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, "[t]he parties moving for lead plaintiff are only required to make a prima facie showing that they

6

meet [the requirements of] Rule 23." *Aude v. Kobe Steel, Ltd.*, No. 17-CV-10085 (VSB), 2018 WL 1634872, at \*3 (S.D.N.Y. Apr. 4, 2018); *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007) ("[A]t this stage of the litigation, only a preliminary showing of typicality and adequacy is required."). In addition, "[t]ypicality and adequacy of representation are the only provisions [of Rule 23] relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998). Moreover, the Complaint in the Action sufficiently pleads Rule 23(a)(1) numerosity and Rule 23(a)(2) common questions in a manner common to all Class members, including the PomDoctor Investor Group.

The typicality requirement of Rule 23(a)(3) "is satisfied if 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 WL 2811358, at \*5 (S.D.N.Y. July 8, 2008) (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)). "[T]he claims of the class representative need not be identical [to] those of all members of the class. '[T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.'" *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 112, 120 (S.D.N.Y. 2010) (quoting *Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*, 141 F.R.D. 229, 238 (S.D.N.Y. 1992)).

The PomDoctor Investor Group's claims are typical of those of the Class. The PomDoctor Investor Group alleges, like other Class members, that the Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning PomDoctor, or by omitting to state material facts necessary to make the statements they did make not misleading. The PomDoctor Investor Group, like other Class

members, purchased PomDoctor securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and was damaged as a result of the Defendants' alleged fraud. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011); *see also Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS), 2018 WL 1779348, at *2 (S.D.N.Y. Apr. 12, 2018) (same).

The PomDoctor Investor Group is an adequate representative for the Class. As set forth in greater detail below, in Pomerantz, the PomDoctor Investor Group has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this Action, and submits its choice of Pomerantz to the Court for approval as Lead Counsel for the Class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). In addition to Pomerantz, Feng Jingxin and the Li Family are also represented by the Hao & Han Law Firm in this litigation. There is no evidence of antagonism or conflict between the PomDoctor Investor Group's interests and those of the Class. Moreover, the PomDoctor Investor Group has submitted sworn Certifications executed by its members declaring their respective commitment to protecting the interests of the Class (*see* Hood Decl., Ex. B), and the PomDoctor Investor Group's significant losses incurred as a result of the Defendants' alleged malfeasance demonstrates that it has a sufficient interest in the outcome of this litigation to ensure vigorous advocacy on behalf of the Class.

Further, the PomDoctor Investor Group constitutes an appropriate movant group of the type routinely appointed to serve as Lead Plaintiff. *See In re Blue Apron Holdings, Inc. Sec. Litig.*, No. 17-CV-4846 (WFK) (PK), 2017 WL 6403513, at *4 (E.D.N.Y. Dec. 15, 2017) (appointing group of four unrelated investors as Lead Plaintiff pursuant to the PSLRA); *Barnet v. Elan Corp., PLC*, 236 F.R.D. 158, 162 (S.D.N.Y. 2005) (holding "there can be no doubt" that the PSLRA permits appointment of groups, and appointing group consisting of six members with the largest financial interest as Lead Plaintiff); *Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001) ("recogniz[ing] that appointing a group of people as Lead Plaintiff is allowable under the PSLRA" and finding a group of seven shareholders with the greatest loss was "presumptively the most adequate plaintiff"); *Cendant*, 264 F.3d at 266 ("The PSLRA explicitly permits a 'group of persons' to serve as lead plaintiff." (citation omitted)).

The PomDoctor Investor Group likewise has demonstrated its adequacy because it is a small, cohesive group of four likeminded investors—including a father and son duo (*i.e.*, the Li Family), and the Li Family's friend of approximately eight years, Feng Jingxin—who have submitted a Joint Declaration attesting to, *inter alia*, their respective backgrounds and investing experience, their understanding of the responsibilities of lead plaintiffs appointed pursuant to the PSLRA, their decision to seek appointment jointly as Co-Lead Plaintiffs, and the steps that each of them are prepared to take to cooperatively prosecute this litigation on behalf of the Class. *See* Hood Decl., Ex. C. Courts routinely appoint investor groups as Lead Plaintiff pursuant to the PSLRA under such circumstances. *See, e.g.*, *Blue Apron*, 2017 WL 6403513, at *4 (appointing group of four unrelated investors that submitted a declaration attesting "it is prepared to work cooperatively to serve the best interests of the class," and finding that the group is not "so large as to be unwieldy and impracticable"); *W. Palm Beach Police Pension Fund v. DFC Glob. Corp.*,

9

No. CIV.A. 13-6731, 2014 WL 1395059, at *7–9, *12 (E.D. Pa. Apr. 10, 2014) (appointing group and noting "declaration lay[ing] out the duties and obligations of" the group's members); *Louisiana Mun. Police Employees' Ret. Sys. v. Green Mountain Coffee Roasters, Inc.*, No. 2:11-CV-289, 2012 WL 12985571, at *3 (D. Vt. Apr. 27, 2012) (finding a joint declaration "sufficient to assure the Court that the [lead] plaintiffs will effectively manage the litigation").

> **D.    The PomDoctor Investor Group Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses**

The presumption favoring the PomDoctor Investor Group's appointment as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

> (aa)    will not fairly and adequately protect the interests of the class; or

> (bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

The PomDoctor Investor Group's ability and desire to fairly and adequately represent the Class has been discussed above. The PomDoctor Investor Group is not aware of any unique defenses Defendants could raise that would render it inadequate to represent the Class. Accordingly, the PomDoctor Investor Group should be appointed Lead Plaintiff for the Class.

## II.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. *See id.* § 78u-4(a)(3)(B)(v). The Court should only interfere with a lead plaintiff's choice if necessary to "protect the interests of the class." *Id.* § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA 'evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'" (quoting

10

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008)));

*In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 150 (D. Del. 2005) ("Once the lead

plaintiff is chosen, that party is primarily responsible for selecting lead counsel.").

Here, the PomDoctor Investor Group has selected Pomerantz as Lead Counsel for the

Class. Pomerantz is highly experienced in the areas of securities litigation and class actions, and

has successfully prosecuted numerous securities litigations and securities fraud class actions on

behalf of investors, as detailed in its firm resume submitted herewith. *See* Hood Decl., Ex. D. In

overview, Pomerantz is a premier firm in the area of securities litigation based in New York, with

offices in Chicago, Los Angeles, Paris, France, London, the U.K., and Tel Aviv, Israel. *See id.*

For more than 85 years, Pomerantz has represented defrauded investors. *See id.* As Lead Counsel

in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz secured a

recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement

ever in a class action involving a foreign issuer and the fifth-largest class action settlement ever

achieved in the United States. *See id.* Petrobras is part of a long line of record-setting recoveries

led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc.*

*Securities Litigation*, No. 1:06-cv-01825 (E.D.N.Y.), in June 2010. *See id.* More recently, as Lead

Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors, Pomerantz reached a

$110 million settlement on behalf of the class. *See id.*

As a result of its extensive experience in litigation involving issues similar to those raised

in the instant Action, the PomDoctor Investor Group's counsel, Pomerantz, has the skill,

knowledge, expertise, and experience that will enable the firm to prosecute this Action effectively

and expeditiously. Thus, the Court may be assured that by approving the PomDoctor Investor

Group's selection of Pomerantz as Lead Counsel, the members of the Class will receive the best legal representation available.

**CONCLUSION**

For the foregoing reasons, the PomDoctor Investor Group respectfully requests that the Court issue an Order: (1) appointing the PomDoctor Investor Group as Lead Plaintiff for the Class; and (2) approving its selection of Pomerantz as Lead Counsel for the Class.

Dated:  April 13, 2026

Respectfully submitted,

POMERANTZ LLP

*/s/ J. Alexander Hood II*
J. Alexander Hood II
Jeremy A. Lieberman
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
ahood@pomlaw.com
jalieberman@pomlaw.com

*Counsel for the PomDoctor Investor Group*
*and Proposed Lead Counsel for the Class*

HAO & HAN LAW FIRM
Junbo Hao
12B05, Tower A
Ocean Express Building
Chaoyang District, Beijing
People's Republic of China
Telephone: +86 137-1805-2888
jhao@haolaw.cn

*Additional Counsel for Feng Jingxin, Li*
*Jinwei, and Li Zihao*

## CERTIFICATE OF WORD COUNT

The undersigned, counsel of record for the PomDoctor Investor Group, certifies that this brief contains 3,514 words, which complies with the word limit of Local Civil Rule 7.1(c) and Rule III.B. of this Court's Individual Practices.

Executed on April 13, 2026.

/s/ J. Alexander Hood II
J. Alexander Hood II

13