**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JULIANNE LOUIE, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> POMDOCTOR, LTD., ZHENYANG SHI, LI XU, COGENCY GLOBAL, INC., JOSEPH STONE CAPITAL, LLC, and MARCUM ASIA CPAS, LLP, <br><br> Defendants. | CASE No. 1:26-cv-01013-RA-SDA <br><br> **STIPULATION AND ORDER APPOINTING CO-LEAD PLAINTIFFS AND APPROVING SELECTION OF CO-LEAD COUNSEL** <br><br> **CLASS ACTION** |

Lead Plaintiff Movants Paolo Roberti, Feng Jingxin, Li Jinwei, and Li Zihao (collectively, the "PomDoctor Investor Group") and Lawrence Alkano ("Alkano"), by and through their undersigned counsel, hereby stipulate as follows in support of their request for appointment as Co-Lead Plaintiffs and approval of their selection of Co-Lead Counsel:

WHEREAS, the above-captioned action has been filed against PomDoctor, Ltd., Zhenyang Shi, Li Xu, Cogency Global, Inc., Joseph Stone Capital, LLC, and Marcum Asia CPAs, LLP alleging violations of the federal securities laws;

WHEREAS, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(A)(i), on February 10, 2026, after the filing of this action, a notice was published over a national wire service, duly advising putative class members of this action and informing them of their right to seek appointment as lead plaintiff within 60 days (*see* Dkt. No. 30-1);

WHEREAS, on April 13, 2026, three movants filed timely, separate motions seeking appointment as Lead Plaintiff and approval of their respective selections of Lead Counsel pursuant

1

to the PSLRA: (1) the PomDoctor Investor Group (Dkt. No. 32); (2) Alkano (Dkt. No. 29); and (3) Brandi McKinney ("McKinney") (Dkt. No. 27);

WHEREAS, after filing her motion, movant McKinney subsequently filed a notice of non-opposition to the competing lead plaintiff motions noting that "it appears that [McKinney] has not asserted the 'largest financial interest.'" (Dkt. No. 37);

WHEREAS, on April 14, 2026, the Court ordered that "no later than April 27, 2025, each of the McKinney, Alkano and the PomDoctor Investor Group shall file a submission addressing which of the three has the largest financial interest in the relief sought by the Class, as well as whether the requirements of Rule 23 are otherwise satisfied as to each." (Dkt. No. 36)[1];

WHEREAS, the PSLRA provides, among other things, that the most adequate plaintiff to serve as Lead Plaintiff is, in the determination of the Court, the "person or group of persons" that has the largest financial interest in the relief sought by the class and otherwise satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") (15 U.S.C. § 78u-4(a)(3)(B)(iii)) (*see also* Dkt. No. 36);

WHEREAS, the PSLRA provides that, subject to the approval of the Court, the most adequate plaintiff will select and retain counsel to represent the class (15 U.S.C. § 78u-4(a)(3)(B)(v));

WHEREAS, the PomDoctor Investor Group and Alkano have provided sworn Certifications pursuant to the PSLRA in support of their respective applications for lead plaintiff appointment, setting forth, among other things, their transactions in PomDoctor securities (Dkt. Nos. 35-2 and 30-2);

---

[1] The PomDoctor Investor Group and Alkano claim the largest claim the largest financial interest in the relief sought by the Class and satisfy the requirements of Rule 23.

WHEREAS, the PomDoctor Investor Group and Alkano, having alleged significant losses in connection with the fraud alleged in the above-captioned action, have significant financial interests in the outcome of this litigation[2];

WHEREAS, the PomDoctor Investor Group and Alkano are also qualified to serve as Co-Lead Plaintiffs in this case given, among other things, their interest in aggressively pursuing the claims in this action and their willingness to discharge the obligations of class representatives in this action as described in the memoranda of law submitted in support of the the PomDoctor Investor Group and Alkano respective motions (*see* Dkt. Nos. 34 and 30);

WHEREAS, having reviewed the submissions to the Court, the PomDoctor Investor Group and Alkano believe that they satisfy the typicality and adequacy requirements of Rule 23 (*see* Dkt. No. 36);

WHEREAS, the PomDoctor Investor Group and Alkano believe that, rather than continue to litigate their competing motions, it is in the best interest of the Class to amicably resolve the motions and pool their resources to effectively and efficiently prosecute this action;

WHEREAS, having reviewed the submissions to the Court, the PomDoctor Investor Group and Alkano believe that it is in the best interests of the Class for the PomDoctor Investor Group and Alkano to serve as Co-Lead Plaintiffs and for their respective selections of Pomerantz LLP ("Pomerantz") and The Rosen Law Firm, P.A. ("Rosen Law") to serve as Co-Lead Counsel (*see id.*);

WHEREAS, the PomDoctor Investor Group and Alkano are committed to supervising the conduct of this litigation by their counsel and to ensuring that counsel coordinate appropriately,

---

[2] The PomDoctor Investor Group and Alkano claim the largest financial interest in the relief sought by the Class. *See* Dkt. No. 36.

3

prosecute this action efficiently, and avoid any duplication of effort in the conduct of the litigation (*see id.*);

WHEREAS, courts, including in this District, have endorsed stipulations among competing lead plaintiff movants, like here, as promoting the statutory purposes of the PSLRA, and have permitted "independent lead plaintiff movants [to] join together to help ensure that adequate resources and experience are available to the prospective class in the prosecution of th[e] action and because [e]mploying a co-lead plaintiff structure . . . will also provide the proposed class with the substantial benefits of joint decision-making." *In re Rockwell Med., Inc. Sec. Litig.*, No. 1:16-cv-01691-RJS (S.D.N.Y.), Dkt. No. 18 at 2-3 (internal quotation marks omitted) (citing cases); *see also Deputy v. Akebia Therapeutics, Inc. et al.*, No. 1:22-cv-01411-AMD-VMS (E.D.N.Y.), ECF Order on June 28, 2022 (approving stipulation of competing lead plaintiff movants to serve as co-lead plaintiffs and approving their selection of co-lead counsel); *In re Grab Holdings Ltd. Sec. Litig.*, No. 1:22-cv-02189-VM (S.D.N.Y.), Dkt. No. 39 (same); *Edge v. Tupperware Brands Corporation et al.*, No. 6:22-cv-01518-RBD-LHP (M.D. Fla.), Dkt. No. 29 (same); *Ortiz v. Canopy Growth Corporation et al.,* No. 2:19-cv-20543-MCA-MAH (D.N.J.) ("*Ortiz*"), Dkt. No. 27 (same); *In re Altimmune, Inc. Sec. Litig.*, No. 8:24-cv-01315-ABA (D. Md.), Dkt. No. 22 (same); *Pizzuto v. Homology Meds., Inc.*, No. 2:22-cv-01968-FLA-JPR (C.D. Cal.), Dkt. No. 38 (same); *Maurer v. Argos Therapeutics Inc., et al.*, No. 1:17-cv-00216-TDS-LPA (M.D.N.C.), Dkt. No. 26 (same); *In re Facebook, Inc. Sec. Litig.*, No. 5:18-cv-01725-EJD 3 (N.D. Cal.), Dkt. No. 56 at 3 (approving stipulation of lead plaintiff movants where movants "concluded that a protracted dispute concerning lead plaintiff appointment … [was] not in the best interests of the class and that jointly prosecuting [the] litigation would be appropriate and assist with the speedy commencement of [the] litigation"); *In re Millennial Media, Inc. Sec. Litig.*, 87 F.Supp.3d 563, 570 (S.D.N.Y.

2015) ("A co-lead plaintiff structure best protects the interests of the class … and gives the class the advantages of the combined knowledge, experience, and judgment of both lead plaintiffs." (collecting cases)); and

WHEREAS, Pomerantz and Rosen Law have successfully prosecuted similar securities class actions under the PSLRA as Co-Lead Counsel. *See, e.g., In re Blue Apron Holdings, Inc. Securities Litigation*, No. 1:17-cv-04846-NGG-PK (E.D.N.Y.); *Pirnik v. Fiat Chrysler Automobiles N.V. et al.*, No. 1:15-cv-07199-JMF (S.D.N.Y.); *Chan, et al., v. New Oriental Education & Technology Group Inc., et al.*, No. 2:16-cv-09279-KSH-CLW (D.N.J.); *Vataj v. Johnson, et al.*, No. 4:19-cv-06996-HSG (N.D. Cal.); *Whiteley, et al. v. Zynerba Pharmaceuticals, Inc., et al.*, No. 2:19-cv-04959-NIQA (E.D. Pa.); *Thomas, et al., v. MagnaChip Semiconductor Corp., et al.*, No. 3:14-CV-01160-JST (N.D. Cal.); *Thorpe, et al., v. Walter Investment Management Corp.*, No. 1:14-cv-20880-UU (S.D. Fla.).

IT IS HEREBY STIPULATED, that subject to the Court's approval, the PomDoctor Investor Group and Alkano agree to serve as Co-Lead Plaintiffs and Pomerantz and Rosen Law agree to serve as Co-Lead Counsel.

**APPOINTMENT OF CO-LEAD PLAINTIFFS AND APPROVAL OF COUNSEL**

1.      Having considered the provisions of Section 21D(a)(3)(B) of the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B), the Court hereby determines that the PomDoctor Investor Group and Alkano are the most adequate plaintiffs and satisfy the requirements of the PSLRA. The Court hereby appoints the PomDoctor Investor Group and Alkano as Co-Lead Plaintiffs to represent the interests of the class.

2.      Pursuant to Section 21D(a)(3)(B)(v) of the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B)(v), the PomDoctor Investor Group and Alkano have selected Pomerantz and Rosen Law to serve as Co-Lead Counsel. The Court approves Pomerantz and Rosen Law as Co-Lead Counsel.

3.      Co-Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel whom Co-Lead Counsel shall designate:

a.  to coordinate the briefing and argument of any and all motions;

b.  to coordinate the conduct of any and all discovery proceedings;

c.  to coordinate the examination of any and all witnesses in depositions;

d.  to coordinate the selection of counsel to act as spokesperson at all pretrial conferences;

e.  to call meetings of the plaintiffs' counsel as deemed necessary and appropriate from time to time;

f.  to coordinate all settlement negotiations with counsel for defendants;

g.  to coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter, and to delegate work responsibilities to selected counsel as may be required;

h.  to coordinate the preparation and filings of all pleadings; and

i.  to supervise all other matters concerning the prosecution or resolution of the claims asserted in the Action.

4.      No motion, discovery request, or other pretrial proceedings shall be initiated or filed by any plaintiffs without the approval of Co-Lead Counsel, so as to prevent duplicative pleadings or discovery by plaintiffs. No settlement negotiations shall be conducted without the approval of Co-Lead Counsel.

6

5.      Service upon any plaintiff of all pleadings, motions, or other papers in the Action, except those specifically addressed to a plaintiff other than the Co-Lead Plaintiffs, shall be completed upon service of Co-Lead Counsel.

6.      Co-Lead Counsel shall be the contact between plaintiffs' counsel and defendants' counsel, as well as the spokespersons for all plaintiffs' counsel, and shall direct and coordinate the activities of plaintiffs' counsel. Co-Lead Counsel shall be the contact between the Court and plaintiffs and their counsel.

7.      A consolidated Amended Complaint shall be filed by May 29, 2026.

Dated: April 27, 2026                    Respectfully submitted,

**POMERANTZ LLP**
*/s/ J. Alexander Hood II*
J. Alexander Hood II
Jeremy A. Lieberman
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
ahood@pomlaw.com
jalieberman@pomlaw.com

*Counsel for the PomDoctor Investor Group and Proposed Co-Lead Counsel for Co-Lead Plaintiff and Class*

**THE ROSEN LAW FIRM, P.A.**
*/s/Phillip Kim*
Phillip Kim, Esq.
Laurence M. Rosen, Esq.
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: philkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*Counsel for Lawrence Alkano and Proposed Co-Lead Counsel for Co-Lead Plaintiff and Class*

7

SO ORDERED:

Dated   April 28, 2026

_____

HON.  STEWART D. AARON
UNITED STATES MAGISTRATE JUDGE