**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------

PAOLO ROBERTI, FENG JINGXIN, LI JINWEI, LI ZIHAO, and LAWRENCE ALKANO, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

POMDOCTOR, LTD. ZHENYANG SHI, LI XU, COGENCY GLOBAL, INC. and JOSEPH STONE CAPITAL, LLC,

Defendants.

-----------------------------------------------------

No. 1:26-cv-01013-RA-SDA

**MEMORANDUM OF LAW IN SUPPORT OF COGENCY GLOBAL INC.'S JOINDER IN THE POMDOCTOR DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**


K&L GATES LLP
Joanna A. Diakos
Zachary S. Jones
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 536-3900

*Attorneys for Cogency Global Inc.*

Defendant Cogency Global Inc. ("Cogency Global"), by and through its undersigned counsel, respectfully joins in the Motion to Dismiss the Amended Complaint filed by Defendants PomDoctor Ltd. ("PomDoctor"), Zhenyang Shi, and Li Xu (collectively, the "PomDoctor Defendants") to promote efficiency and avoid unnecessary duplication of argument.

Cogency Global joins in, and incorporates by reference, the PomDoctor Defendants' arguments that the Amended Complaint fails to plead an actionable claim under Section 11 because: (1) neither Item 3(D) nor Item 5 of Form 20-F imposed any duty to disclose Joseph Stone's historical regulatory record (which was public) or to speculate that unidentified third parties might later manipulate the aftermarket; (2) the Registration Statement expressly disclosed the risks Plaintiffs contend were omitted; (3) the alleged omissions are immaterial as a matter of law; and (4) the Amended Complaint itself demonstrates that the alleged price decline resulted from the cessation of purported third-party promotional activity, not from the revelation of any false statement or omitted fact in the Registration Statement. Each of these independent grounds warrants dismissal of the Section 11 claim against Cogency Global.

Cogency Global further submits that, to the extent Plaintiffs' Section 11 claim depends on allegations of a concealed pump-and-dump scheme, coordinated promotional activity, artificial price inflation, and knowing concealment, the claim sounds in fraud and must satisfy Rule 9(b). *Rombach v. Chang*, 354 F.3d 164 (2d Cir. 2004). Plaintiffs cannot avoid that heightened pleading standard merely by disclaiming fraud or scienter; the substance of their allegations controls. Yet the Amended Complaint pleads no particularized facts showing any wrongful conduct by Cogency Global, any knowledge on Cogency Global's part, any communication involving Cogency Global, or any role by Cogency Global in the alleged promotional activity. For these reasons, and those

factual and legal arguments set forth in detail in the PomDoctor Defendants' Motion to Dismiss, the Section 11 claim against Cogency Global should therefore be dismissed with prejudice.

Respectfully submitted,

By: /s/ Zachary S. Jones

K&L GATES LLP
Zachary S. Jones
Joanna A. Diakos
599 Lexington Avenue
New York, NY 10022
Telephone: 212.536.3900
joanna.diakoskordalis@klgates.com
zach.jones@klgates.com

*Attorneys for Defendant Cogency Global, Inc.*

**CERTIFICATION PURSUANT TO SECTION 202.8-b OF THE UNIFORM CIVIL RULES FOR THE SUPREME COURT AND THE COUNTY COURT**

The undersigned attorney for Defendant Cogency Global Inc. certifies that pursuant to Section 202.8-b of the Uniform Civil Rules for the Supreme Court and the County Court that the word count for the foregoing Memorandum of Law is 2,195 words, exclusive of the caption and signature block as counted by the word processing program: Microsoft Word.

Dated: September 11, 2026

Respectfully submitted,

K&L GATES LLP

By: /s/ Zachary S. Jones

Zachary S. Jones
Joanna A. Diakos
K&L Gates LLP
599 Lexington Avenue
New York, New York 10022
Tel.: (212) 536-3900
Fax: (212) 536-3901
Email: joanna.diakoskordalis@klgates.com
Email: zach.jones@klgates.com

*Attorneys for Defendant Cogency Global Inc.*