**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------

PAOLO ROBERTI, FENG JINGXIN, LI JINWEI, LI ZIHAO, and LAWRENCE ALKANO, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

POMDOCTOR, LTD. ZHENYANG SHI, LI XU, COGENCY GLOBAL, INC. and JOSEPH STONE CAPITAL, LLC,

Defendants.

-----------------------------------------------------

No. 1:26-cv-01013-RA-SDA

# COGENCY GLOBAL'S REPLY IN SUPPORT OF ITS JOINDER IN THE POMDOCTOR DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

K&L GATES LLP
Joanna A. Diakos
Zachary S. Jones
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 536-3900

*Attorneys for Cogency Global Inc.*

Defendant Cogency Global Inc. ("Cogency") respectfully submits this reply in further support of its joinder in the PomDoctor Defendants' motion to dismiss the Amended Complaint. Cogency joins and incorporates by reference the PomDoctor Defendants' Reply, Dkt. 83, to the extent applicable to Cogency, and requests dismissal with prejudice. This reply responds briefly to Section III.G of Plaintiffs' Opposition, Dkt. 81 ("Opp.").

Plaintiffs devote their argument to establishing that Cogency signed the Registration Statement as PomDoctor's authorized U.S. representative and therefore falls within Section 11. (Opp. 25–26) But Cogency's joinder never challenged that point. Cogency moved to dismiss on a different ground: the Amended Complaint pleads no actionable misstatement or omission in the Registration Statement. Signatory status answers only half of the Section 11 inquiry. Plaintiffs must also plead a materially false or misleading registration statement. 15 U.S.C. § 77k(a); *In re Morgan Stanley Info. Fund Sec. Litig.,* 592 F.3d 347, 358–60 (2d Cir. 2010).

As the PomDoctor Defendants' opening and reply memoranda show, Plaintiffs have not done so. Cogency's signature adds no misstatement, omitted fact, or disclosure obligation. Nor does it supply a missing element of Plaintiffs' theories under Items 3(D) and 5 of Form 20-F or their challenge to the volatility warning. The same alleged disclosure defects underlie the claim against Cogency and the claims addressed in the PomDoctor Defendants' Reply. (Dkt. 83, Part I.)

Plaintiffs' reliance on *Wang v. Cloopen Group Holding, Ltd.,* 661 F. Supp. 3d 208, 238–39 (S.D.N.Y. 2023), is misplaced to the extent they contend that signatory status alone defeats this motion. *Cloopen* rejected an employee's attempt to avoid signatory liability based on the capacity in which she signed, and separately addressed control-person liability. But the court reached those issues only after finding that the complaint adequately alleged actionable omissions. *Id.* at 225–32.

*Glenmede Trust Co. v. Infinity Q Capital Management LLC*, 248 A.D.3d 562, 565-67 (1st Dep't 2026), likewise rejected a disclaimer that sought to limit a signatory's responsibility for a registration statement alleged to misstate the valuation of fund assets. Neither decision dispenses with the requirement of an actionable registration-statement defect.

Plaintiffs' due diligence argument (Opp. 26) also fails to answer Cogency's incorporated grounds for dismissal. Cogency does not ask the Court to find on this motion that it conducted a reasonable investigation, and it does not contend that Plaintiffs must plead scienter as an element of their Section 11 claim. The point is narrower: absent an adequately pleaded actionable misstatement or omission, the Section 11 claim fails against Cogency (and every other defendant) regardless of signatory status.

Finally, Plaintiffs answer Cogency's observations that the Amended Complaint alleges no wrongful conduct, knowledge, communications, or involvement in promotional activity by Cogency by arguing that a signatory is strictly liable unless it proves due diligence, an affirmative defense that cannot defeat a motion to dismiss. (Opp. 26) That argument responds to a point Cogency did not make. Cogency does not invoke the due diligence defense on this motion, and it does not contend that scienter or negligence is an additional element of every Section 11 claim. Its opening memorandum tied those observations to its alternative submission that, to the extent Plaintiffs rely on allegations of a concealed pump-and-dump scheme, coordinated promotion, artificial inflation, and knowing concealment, those averments must satisfy Rule 9(b). (Dkt. 80 at 2.) Rule 9(b) applies to Section 11 claims insofar as they rest on allegations of fraud, notwithstanding a pleading's characterization of the claim as nonfraudulent. *Rombach v. Chang*, 355 F.3d 164, 171 (2d Cir. 2004). Plaintiffs' Opposition does not respond to that alternative argument. Cogency does not contend that allegations of fraud by strangers automatically transform

a negligence claim against a signatory into a fraud claim. The inquiry concerns the substance of the allegations actually asserted against that defendant. But to the extent Plaintiffs seek to impute knowing concealment or participation in the alleged scheme to Cogency, their allegations identify no particularized conduct, communication, or involvement by Cogency supporting that theory. Cogency's alleged status as representative and signatory does not supply those missing facts. (Dkt. 80 at 2)

For these reasons, and those set forth in the PomDoctor Defendants' reply, Cogency respectfully requests that the Court dismiss the Amended Complaint with prejudice as against Cogency.

Dated: November 20, 2026

Respectfully submitted,

K&L GATES LLP

By: /s/ Joanna A. Diakos

Joanna A. Diakos
Zach Jones
K&L Gates LLP
599 Lexington Avenue
New York, New York 10022
Tel.: (212) 536-3900
Fax: (212) 536-3901
Email: joanna.diakoskordalis@klgates.com
Email: zach.jones@klgates.com

*Attorneys for Defendant Cogency Global Inc.*

**CERTIFICATION OF WORD COUNT**

Pursuant to Local Civil Rule 7.1(c), I certify that the foregoing reply memorandum, which was prepared using Times New Roman 12-point typeface, contains 709 words, excluding the parts of the reply that are exempt from the word count limit, in compliance with the type-volume limitation. This certification was prepared in reliance on the word-count function of the word-processing system used to prepare this document (Microsoft Word).

Dated: November 20, 2026

Respectfully submitted,

/s/ Joanna A. Diakos
Joanna A. Diakos